# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6899 | **DATE** | 12/17/2002 |
| **CASE TITLE** | TSAPARIKOS vs. FORD MOTOR COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant Ford Motor Company's motion to transfer venue [6-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 18 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | 10 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 12/17/2002 | |
| CB | courtroom deputy's initials | 02 DEC 17 PM 5:34 | date mailed notice PW | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRIS TSAPAARIKOS and )
HEATHER TSAPARIKOS, )
) No. 02 C 6899
Plaintiffs, )
) Suzanne B. Conlon, Judge
v. )
)
FORD MOTOR COMPANY, )
)
Defendant. )

**DOCKETED**

**DEC 1 8 2002**

MEMORANDUM OPINION AND ORDER

In this diversity action, Chris Tsaparikos and Heather Tsaparikos (collectively "plaintiffs") sue Ford Motor Company ("Ford") for strict liability in tort, negligence, breach of implied warranties, willful and wanton misconduct, fraud, and loss of consortium. Ford moves to transfer venue to the District of New Mexico pursuant to 28 U.S.C. § 1404(a).

BACKGROUND

Plaintiffs reside in Indiana. Ford is a Delaware corporation with its principle place of business in Detroit, Michigan. On October 1, 2000, Mr. Tsaparikos was driving his 1998 Ford Explorer in Catron County, New Mexico. After swerving to avoid an elk in the road, Mr. Tsaparikos' vehicle rolled, causing him injury. Mr. Tsaparikos was immediately treated at Socorro General Hospital and the University of New Mexico Health Services Center. Since October 10, 2000, Mr. Tsaparikos has received treatment from medical professionals in Illinois and Indiana.

Ford identified thirteen non-party potential witnesses in New Mexico, including three police officers called to the scene, five emergency medical personnel, and five doctors. Plaintiffs intend

1

on calling as witnesses at trial two doctors from Illinois and Indiana to testify as to Mr. Tsaparikos' injuries and treatment in New Mexico. Plaintiffs also disclosed fifteen medical professionals in Chicago who may testify about the nature and extent of Mr. Tsaparikos' injuries. Ford disclosed forty-three employees, presumably based in Detroit, Michigan, who may testify at trial. Plaintiffs have retained liability experts who reside outside New Mexico and Illinois. The damaged vehicle is stored in Indiana.

## DISCUSSION

### I. Legal Standard

A motion to transfer venue is governed by 28 U.S.C. 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, a valid transfer under § 1404(a) requires that (i) venue is proper in the transferor and transferee court, and (ii) the transfer must be for the convenience of the parties and witnesses, and in the interest of justice. *Gelco v. Major Chevrolet, Inc.*, 2002 WL 31427027, at *4 (N.D. Ill. 2002). The moving party bears the burden of establishing that the transferee forum is "clearly more convenient" than the transferor forum. *Collier v. Murphy*, 2002 WL 31761406, at *2 (N.D. Ill. 2002), *citing Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Venue should be transferred only if there is a clear balance of inconvenience in the transferor district over the transferee district. *Weller v. Calvin Gilmore Productions, Ltd.*, 1995 WL 382471 (N.D. Ill. 1995). Venue may not be transferred simply to shift inconvenience from the defendant to the plaintiff. *Store Decor Div. Of Jas Int'l, Inc. v. Stylex Worldwide Industries Ltd.*, 767 F.Supp. 181, 185 (N.D. Ill. 1991).

The first requirement of § 1404(a) is met; the parties do not dispute that venue is proper in both forums. The motion turns on whether the convenience of the parties and witnesses and the interests of justice favor transfer of venue. In reviewing convenience and the interests of justice, the court must consider the private interests of the parties and the public interests of the court. *Technical Concepts v. Zurn Industries*, 2002 WL 31433408 (N.D. Ill. 2002). Factors for assessing private interests include: (i) plaintiff's choice of forum; (ii) situs of material events; (iii) relative ease and access to sources of proof; (iv) convenience of the parties; and (v) convenience of the witnesses. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 960 (N.D. Ill. 2000). Public interests factors or interests of justice include (i) the court's familiarity with the applicable law; (ii) the speed at which the case will proceed to trial; and (iii) the desirability of resolving controversies in their locale. *VonHoldt v. Husky Injecting Molding System Ltd.*, 887 F.Supp. 185, 188 (N.D. Ill. 1995).

## II. Private Factors/Convenience

### A. Plaintiff's Choice of Forum

A plaintiff's choice of forum is generally given substantial weight under § 1404(a). *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1167 (N.D. Ill. 1995). However, where the plaintiff's choice is not the plaintiff's resident forum, the chosen forum is entitled to less deference. *Bryant v. ITT Corp.*, 48 F.Supp.2d 829, 832 (N.D. Ill. 1999). Because plaintiffs are not residents of the Northern District of Illinois, their choice of forum is not given great deference and becomes only one of many factors the court considers. *Plotkin v. IP Axess, Inc.*, 168 F.Supp.2d 899, 902 (N.D. Ill. 2001).

3

### B. Situs of Material Events

Mr. Tsaparikos' car accident and immediate medical treatment occurred in New Mexico. However, New Mexico is not the only situs of material events. After leaving New Mexico ten days after the accident, Mr. Tsaparikos continued to receive medical treatment in Illinois and Indiana. The damaged vehicle was not designed, manufactured, or purchased in New Mexico. Plaintiffs have alleged five counts of loss of consortium. Mrs. Tsaparikos has suffered her alleged injuries outside of New Mexico. Although the situs of the accident weighs in favor of transfer, other factors decrease its significance.

### C. Relative Ease and Access to Sources of Proof

Ford maintains its design and manufacturing records and documents in Detroit, Michigan. Plaintiffs' medical records are located in New Mexico, Illinois, and Indiana. The damaged vehicle is stored in Indiana. Although the parties can easily bring documents to New Mexico or Illinois, the location of the vehicle slightly favors retention of this venue.

### D. Convenience of the Parties

In examining this factor, the court considers the location of the parties' residences and their ability to bear the expense of litigating in a particular forum. *Allied Van Lines, Inc. v. Aaron Transfer and Storage, Inc.*, 200 F.Supp.2d 941, 947 (N.D. Ill. 2002). Transfer is inappropriate if it merely transforms an inconvenience from one party to the other. *Hanley v. Omarc, Inc.*, 6 F.Supp.2d 770, 776 (N.D. Ill. 1998). Ford is a national corporation, incorporated in Delaware with its principal place of business in Michigan. Ford is not inconvenienced by litigating in Illinois. Indeed, Ford admits that it is capable of bearing the expense of defending this action in New Mexico or Illinois. Def. Motion at 10. Plaintiffs are individuals who reside in Indiana. Their financial affidavits

indicate a weakened financial condition that negatively bears on their ability to litigate in New Mexico. *See* Pl. Resp., Exs. A, B. Plaintiffs' financial hardship and Ford's ability to litigate in either forum heavily favor retention of this venue.

### E. Convenience of the Witnesses

The convenience of witnesses is often viewed as the most important factor in the transfer balance. *Hanley*, 6 F.Supp.2d at 775. But the determination to transfer venue should not turn on which party produces a longer witness list. *Id.* The court should look to the nature and quality of the witnesses' testimony with respect to the issues. *Id.*

Because the parties have not yet submitted a witness list, the court must analyze this factor by reviewing the parties' cursory claims of potential witnesses to be called at trial. Ford indicates it could call three police officers who responded to the scene of the accident; five emergency medical personnel; and five doctors who treated Mr. Tsaparikos in New Mexico after the accident. Plaintiffs could call up to sixteen medical professionals from Illinois; one doctor from Indiana; and four liability experts who reside in Colorado, Texas, Michigan, and Arizona.

The convenience of the witnesses favors transfer to New Mexico. The potential need for testimony regarding the scene of the accident and Mr. Tsaparikos' immediate post-accident care is obvious. However, Mr. Tsaparikos' injuries apparently continued after he left New Mexico and he may need Illinois and Indiana witnesses to prove his damages. Either way, one of the parties will have to contend with witnesses who reside outside the subpoena power of the court.

## III. Public Factors/Interests of Justice

Public factors consider whether transfer will serve the interests of justice. The interests of justice component "embraces traditional notions of judicial economy, rather than the private

interests of the litigants and their witnesses." *TIG Ins., Co. v. Brightly Galvanized Prods., Inc.*, 911 F.Supp. 344, 346 (N.D. Ill. 1996).

## A. Court's Familiarity with Applicable Law

Ford argues that New Mexico law applies to this case. However, Ford has not demonstrated that New Mexico law significantly differs from Illinois law. *See Technical Concepts v. Zurn Industries*, 2002 WL 31433408, at *6 (N.D. Ill. 2002) ("[W]here the law in question is neither complex nor unsettled, the interests of justice remain neutral between competing courts"). If necessary, the court is confident it can apply New Mexico law.

## B. Speed at Which the Case will Proceed to Trial

Ford cites general statistics that show this district has a more congested docket and a slower median time to trial than the District of New Mexico. But Ford loses sight of the specifics of *this* case. This court directed discovery to be concluded by February 20, 2003, and this case is set for trial in March 2003. Transfer to the District of New Mexico will likely delay proceedings, whereas the parties are assured a speedy resolution of the case upon retention of venue. This factor weighs against transfer.

## C. Resolving Controversy in its Locale

Resolving litigated controversies in their locale is a desirable goal of the federal courts. *Technical Concepts*, 2002 WL 31433408, at *7. Ford argues that the citizens of New Mexico have an interest in protecting the people that travel in their state. While this is true, it is also true that the Ford Explorer is distributed and sold throughout the United States. As a national product, Illinois shares New Mexico's interest in redressing alleged product defects. This factor does not weigh in favor of or against transfer.

## CONCLUSION

The presence of Ford's witnesses in New Mexico weighs heavily in favor of transfer to the District of New Mexico. However, taken as a whole, the convenience of the parties and witnesses and the interests of justice require denial of Ford's motion to transfer venue. While the plaintiffs' severe financial condition would impede their ability to litigate in New Mexico, Ford acknowledges it is able to litigate in either forum. Ford fails to establish that transfer to the District of New Mexico is clearly more convenient.

December 17, 2002

ENTER:

Suzanne B. Conlon
United States District Judge